# UNITED STATES DISTRICT COURT AND BANKRUPTCY COURTS

## FOR THE DISTRICT OF COLUMBIA

AWOKE GEBRETSADIKE,

5513 7th St. NW

    Washington, D.C. 20011

    Plaintiff,

VS.                                                                                        Civil Action No.: <u>14-CV-2059</u> (CRC)

THE TRAVELERS HOME AND MARINE

INSURANCE COMPANY,

    One Tower Square

    Hartford, CT 06183

    Defendant,

## PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR PERMISSION TO AMEND THE COMPLAINT

I – Introduction

Plaintiff, Awoke Gebretsadike, filed complaint against the defendant ("Travelers") in DC Superior Court on 11/06/2014. Defendant removed the case to this court which subsequently led plaintiff to file Remand Motion on 11/29/2014. The complaint was originally filed in State court based on the requirements of that state court PRO SE CIVIL ACTIONS INFORMATION HANDBOOK and it shouldn't be misevaluated under this court procedures. Moreover, the motion to dismiss filed by the defendant improperly seeks to impose upon plaintiff stating claim requirements more stringent than this court PRO SE INFORMATION HANDBOOK and/or Federal Civil Procedures. The complaint contains detail facts of the story and more than short plain statements of valid claims for relief against the defendant. Defendant's motion to dismiss is non-inclusive of all the facts of the story and the allegations, desperate

1

JAN 29 2015

Clerk, U.S. District and
Bankruptcy Courts

for the Judge signature to throw out this case before appropriate judicial process it deserves. The defendant is deeply wrong with protestation of confusions that again tries to dilute and diffuse the injustices which're stated in the complaint. Defendant's motion to dismiss is anti-interest of justice. I respectfully request this court deny defendant's motion to dismiss and I also allege that this court permit plaintiff to amend the complaint.

## II – Rule 8(a) Requires Only a "Short and Plain Statement of the Claim"

Under the Federal Rules of Civil Procedure, all that is required of a plaintiff is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Court must construe the complaint in favor of the plaintiff and assume the truth of the facts pleaded. Brown v. Nationsbank Corp., 188 F. 3d 579, 586 (5th Cir. 1999). A defendant who sets out to dismiss a claim for failure to meet that minimal standard faces a heavy burden: "It is well settled that Rule 12(b)(6) will be invoked to dismiss a claim only if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint." Cook v. Winfrey, 141 F.3d 322, 327 (7th Cir. 1998) (quoting Hishon v. King & Spalding, 467 U.s. 69, 73 (1984)). Despite Travelers' confusions, the complaint adequately states claims against Travelers. Moreover, as discussed below, defendant cannot plausibly argue the complaint does not adequately convey claims asserted.

## III - The complaint provides the defendant adequate Notice of the Claims.

Breach of Contract

Breach of Duty Of good faith and fair dealing ("Bad Faith")

Tortious Interference with Contract

Breaches of Fiduciary Duties

Misrepresentation and omissions under the District of Columbia Consumer Protection Procedures Act

Intentional Infliction of Emotional Distress

Recovery of all applicable Damages

- Breach Of Contract

Defendant's Motion to dismiss fails to discuss the rental car cost issue in detail which was discussed in my complaint detail except the motion puts impression that I'm simply claiming costs to be covered that I'm not entitled in my policy and confuses it with Rental Reimbursement coverage. The fact of the matter is the complaint is arguing the costs incurred are not paid under ONLY the coverages available in my policy. The enclosed rental car company agreement (EXHIBIT A) shows Travelers paid rental car costs for some days under the available coverages in my policy. The allegation in my complaint regarding rental cost is Travelers didn't cover sensible duration of rental cost or transportation cost based on the circumstance & our communication at the time which imposed further inability on me during those financially unable moments. And Travelers also didn't offer coverage for this damaged rental car under the rental car coverage which the rental car agreement indicates the vehicle had full coverage by Travelers.

The same allegation goes to the other costs including lost wage and medical costs which the complaint talks about that I've not got any from the PIP and/or UM coverages under my policy.

Regarding election issue, the complaint paragraph 8 clearly tells I sent all the signed forms including the election form to the defendant. Defendant's motion to dismiss tries to put it as if I didn't make election. The fact of the matter is I sent the signed form back to them after I made sensible and reasonable choices based on the context and presented pieces of information by the defendant at the time which clearly notices the defendant I wanted to use PIP coverage in my policy.

Even if we assume the allegation on the defendant's motion that PIP election wasn't made, other applicable coverage still never get applied and this defendant motion fails to state why the other coverage didn't get applied. Here for the credit of the defendant's motion which mentions on page 8, I quote "…….While not pertinent to the issue before the Court, Travelers attempted on multiple occasions to provide coverage to Mr. Gebretsadike after the accident, but he refused to provide Travelers with his medical bills, medical records, or lost wage information, citing his privacy rights and other concerns….." however this explanation of the defendant gives no detail explanation as the complaint does how and when those multiple occasions Travelers attempted. Much importantly, the defendant motion fails to state what's written on the complaint paragraph 8 which confirms I already gave the defendant the signed medical and wage loss release authorization per defendant's request which allows the defendant to collect medical records, medical bills and wage loss information.

The complaint clearly indicates there was contract between the defendant and the plaintiff. It also tells the defendant never paid for any losses according to the contract except very few days of the rental cost. Wherefore, defendant's motion to dismiss fails to dismiss the allegations of breaches of the contract stated in my complaint and under breach of contract claim in the complaint which're listed again below:

> *" 1 Under District Of Columbia Uninsured Bodily Injury covers the insured without the fault party information (hit and run accident) but Travelers hasn't made this law applicable to my case according to our contract and not reimbursed me any costs or even consider any Uninsured Bodily Injury benefits till the legal counselors exposed the truth of this matter.*
>
> *2 Travelers wrote me a letter on 01/06/2012 which says I have $0 wage loss benefit but the fact of the matter is, under District Of Columbia law Uninsured Bodily Injury is applicable to cover wage loss benefits even without the fault party information (in hit and run accident). My contract with Travelers clearly shows I've $50,000 Uninsured Bodily Injury coverage.*
>
> *3 Travelers didn't cover me my PIP coverage according to my auto insurance coverage contract.*
>
> *4 I asked Travelers help to get me rental car on 01/05/2012. I wrote detail email again on 01/16/2012 to give me rental car. They weren't willing to give me till 02/15/2012 almost after a month I asked for the 3rd time.*
>
> *5 Unwilling to provide reasonable duration for rental car at least till I get proper treatment for my leg. I sent email for the other Travelers representative as well to arrange me rental car because I couldn't manage the pain when I make a lot of walk.*
>
> *6 Denying coverage for the rental car damage though Travelers' put full vehicle coverage for it. Travelers claim when the damage happened it was beyond the number of days Travelers gave me the rental car which was originally six days. Travelers representative gave me six days in the beginning because the intention was to fix my car. But DMV refused to provide Salvage tittle,which Travelers put as a requirement on me to provide them to fix my car through the coverage I've in Travelers. DMV's reason was the vehicle has to be fixed first and pass inspection. Travelers finally took possession of the car and took time to process the payment of the market worthy of the vehicle and send the check. While all these were going on, Travelers sent me email if I need extension for*

4

*rental car and I responded yes in email. It was after I got extension, the rental car damaged but Travelers denied the coverage of this rental vehicle."*

- Breach of duty in Good Faith and fair deal ("Bad Faith")

It's unclear from defendant's motion to dismiss where the defendant stands regarding the breach of its duties in good faith and fair deal of the contract. But if I still don't take defendant's argument in its removal request motion that it's a citizen of Connecticut and not a citizen of DC and ultimately not subject to bad faith claim under DC law, I still unable to get stated reason from this defendant's motion to dismiss to dismiss the allegations stated in the complaint and under the claim of breach of duty in Good Faith and fair deal in the complaint about its breaches of duty in Good Faith and fair deal which're listed again below. In the District of Columbia, all contracts contain an implied duty of good faith and fair dealing.

> *"1 They claimed I've $0 wage loss coverage in the beginning and after a lot of frustrations, PTSD treatment, my landlord evicted me and a lot of messes, they're now saying I've wage loss coverage almost after two years and I was without work for more than seven months without any help or benefits from the insurance coverage I was paying. Travelers didn't willingly believe I've wage loss benefits by themselves but after they made several back and forth misleading communications and they couldn't get space to mislead me again.*
>
> *2 The medical coverage in my contract not provided to me. The reason Travelers gave me not to provide this coverage was I've to sign agreement to waive my right to make the fault party responsible for the damage (including non medical cost damages) to use this medical coverage in my policy despite my continued argument that I was paying premium every month for this specific coverage for Travelers. Moreover, Travelers letter itself indicated both PIP and the fault party coverage can be used if the medical cost is higher than the PIP coverage. At that point Travelers enforced me to select one of the two however there was no evidence for me the medical cost is not higher than the PIP coverage but the fear was otherwise. My doctor herself indicated medical costs especially the one related to brain injury might go very expensive. This breach of duty in good faith made me not to get treatment on time. John Hopkins got confused and finally refused to offer me medical treatment. There was confusion in CT-Scan Lab too till my doctor dove into it and resolved it. My doctor herself finally decided to help me get*

*treatments in Pro Bono medical centers which compromised my treatment needs and made my treatments to take long time including while waiting to get treatment as these pro bono clinics had a lot of patients in the waiting list.*

*3 Under District Of Columbia Uninsured Bodily Injury covers the insured without the fault party information (hit and run accident) but Travelers hasn't made this law applicable to my case and not paid me any Uninsured Bodily Injury benefits even after a year I finished treatment. Travelers breach of duty of good faith and fair deal clearly observed in their last days email responses for the lawyers questions I was raising to them. This breach of duty from Travelers side has had devastating effect on me economically, not to get medical treatment on time, many other immeasurable injuries like PTSD treatment, being evicted by my landlord...*

*4 Travelers continuously unwilling to investigate about the escaped driver irrespective of my continued request about it. Travelers didn't investigate in their own available resources at least the hit and run driver was reported or not.*

*5 Not providing rental car on time based on the Uninsured Motorist property damage coverage in my contract. This coverage should help me get rental car on those crisis days. I requested Travelers to get me rental car on 01/05/2012. I wrote detail email again on 01/16/2012 to give me rental car. Still they didn't give me till 02/15/2012 almost after a month I asked for the 3rd time.*

*6 Not providing rental car for sufficient time even at the time I needed it badly as I still was not able to get proper treatment and laboratory check up showing my leg is safe.*

*7 Travelers took possession of my vehicle though I was requesting to make it fixed and retain it based on the uninsured property damage in my contract. I was in treatment and had pains when I made a lot of walks. Vehicle was essential for me."*

- Tortious acts

Defendant's motion to dismiss has no single indicator that the breaches and violations observed in the complaint are not intentional interferences nor disproof the tortious acts and tortious interferences. This defendant's motion even lacks detailing its own claim handling processes & procedures and never argues how its own claim handling procedures are not violated in implementing claim handling processes and procedures in evaluating my claim. The defendant's motion lacks to proof why Insurance Companies are not liable to their tortious acts and tortious interferences in District of Columbia. It fails

to state any law from those law books which give immunity for insurance companies to tort the society while inflicting damages in this same society which's lifeblood for their own existence and they oath to serve it tort free.

The soul of the allegations on the insurers in those previous litigates cases which defendant's motion to dismiss repeatedly quotes are totally different to this mine case presented before this court. The core dispute I've with Travelers is not a type of violation and misconduct originated from mistake and/or extent of coverage (amount of coverage) like 'wrongful denial of insurance claim' or 'refusal to pay an insurance claim' as the defendant motion tried to confuse it.

The following are some of the tortious acts and interferences indicated in the complaint.

> "1 Providing me incomplete insurance policy document.
>
> 2 Travelers sent me tortuous letter right after the accident that tells I've $0 wage loss benefits though I could have got wage loss benefits through ~~PIP and/~~or Uninsured/Underinsured bodily injury coverages.
>
> 3 ~~Travelers didn't pay me any wage loss benefits though DC Law allows me to get wage loss benefits through the PIP coverage I've in my policy~~
>
> 4 Travelers didn't pay me any wage loss benefits through UNINSURED/UNDERINSURED BODILY INJURY though DC law allows this coverage in my policy without the other driver information in the hit-run accident occurred to me.
>
> 5 Travelers didn't allow me to get treatment or cover medical costs using the PIP coverage I've in my policy.
>
> 6 Travelers didn't cover any of my medical costs through UNINSURED/UNDERINSURED bodily injury coverages I've in my policy.
>
> 7 Travelers didn't provide me any other UNINSURED/UNDERINSURED bodily injury coverage benefits (different from wage loss and medical expenses) though DC law allows me to get those benefits in the hit and run accident.
>
> 8 Not providing me rental car when i needed it the most according to DC Uninsured/Underinsured property damage law. Travelers gave me rental car after a month.

7

*9 Not providing me sufficient duration for rental car according to DC Uninsured/underinsured motorist property damage law though I had physical limitations and I explained in detail about this matter for Travelers in email.*

*10 Not responding to car rental company - Enterprise on time about payment of rental car costs though Enterprise tried to contact Travelers. That resulted Enterprise to take rental car cost from my credit card which I kept it for very basic physiological needs. They took this money at the time I was financially in crisis.*

*11 Travelers was making confusions and negative impressions about my medical coverage in my policy for medical providers (John Hopkins, my doctor in Unity Health Care, CT SCAN...) which finally resulted me not to get treatment on time and right places. John Hopkins refused to provide me medical treatment after they contacted Travelers about my case.*

*12 Travelers unwilling to investigate about the other driver information at least if it was reported or not after the accident scene though I've been begging Travelers about this matter since the very beginning."*

- Breach Of Fiduciary Duty

When defendant motion talks about tort acts and tortious interference claims, it explains tort exists only when the torts exist outside the contractual duties and tries to dismiss the tort allegations. On the contrary, when it comes to the fiduciary claim, the same motion tells fiduciary breaches listed in the complaint are outside the contractual duties and shouldn't be subject to fiducial claim. It's difficult to understand how that goes both ways.

This defendant motion to dismiss nor the PRO BONO lawyers I visited couldn't disproof why the insurer responsibilities don't constitute fiduciary duty in the occasions the insurer takes fair share of its duties to stand up on behalf of the insured to verify/implement/provide insured's insurance provisions/benefits to medical providers, rental car company and other bodies that have direct interest in the presented claim. And in playing fair reasonable role to resolve the claim from its roots including assisting to the investigation that could bring the criminal participated in that hit run car accident to appropriate legal procedures and hold accountable for the damages.

The insurer with all its powers in the contract relationship and beyond including writing/editing the contract terms, designing/adjusting/implementing the claim handling processes&procedures, as expected trusted expert on the subject matter than the insured... must not have been self constructive and shouldn't have taken that trust demanding position to its advantage/benefit. The defendant could have done better than it did to meet those expected but observed already broken high standard of trust and confidence in my case.

The following are some of the fiduciary breaches listed in the complaint:

> *"1 Confusing my doctor to make compromise in my treatment needs and send me to pro bono clinics which delayed my treatment needs and time to go back to work.*
>
> *2 John Hopkins changed their mind to provide me medical treatment after they contacted Travelers about my case. Travelers communication with John Hopkins has to be revealed.*
>
> *3 Not responding to Enterprise on time about rental payment enquiry which resulted more than $1000 from my credit card by Enterprise at the time I was in financial crisis.*
>
> *4 Providing misleading pieces of information regarding provisions in my policy.*
>
> *5 Failure to deliver the coverages in my policy during the right time or the most needed moment. Proper claim handling procedures weren't observed in my case.*
>
> *6 My communications with Travelers including with email and telephone have been made to install wrong impressions on me regarding the coverages' provisions, the claim handling processes and procedures..."*

- Misrepresentation and omissions under the District of Columbia Consumer Protection Procedures Act

The premise of the allegations for CPPA claim in the complaint is Travelers didn't provide the complete Insurance policy document which gives description of their product - the coverages in the policy when they sold me the insurance coverages. I got this omitted complete policy from the defendant on 01/02/2014 after PRO BONO lawyers pushed for it. The defendant's argument in its motion to dismiss that I had the complete policy or Travelers did give me complete policy before 01/02/2014 is wrong.

D.C. Code §§ 28–3904(e)-(f)

"shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to:

(e) misrepresent as a material fact which has a tendency to mislead;

(f) fail to state a material fact if such failure tends to mislead;...

The letter mentioned in the complaint for misrepresentation allegation about lost wage costs was written on 01/06/12 and the other omission letter about the UM benefits was sent to me on 09/10/2013 by the defendant. These misconducts alone played huge role in the presented inflicted damages.

The defendant mentioned about its agent in its motion however this agent had no responsibility in providing me the policy document nor giving explanations of the insurance provisions, exclusions, how they apply/don't apply etc. Even when I first bought the coverages in the beginning, it was Travelers that sent me the incomplete policy document in the mail not the agent.

- Infliction of Emotional Distress (iied and/or nied)

I put all possible efforts to make the complaint have refined attitude and only states the injustices but it still constrains from characterizing and categorizing the defendant's misconduct and violations for the sake of this infliction of emotional distress claim or other claims reserving that privilege/duty to the court. However, there're several paragraphs in the complaint which can tell about these misconducts and violations of the defendant. The plaintiff may have to explicit more if the complaint gets permission to get amended.

The following conducts indicated in the complaint are extreme and outrageous in any degree that any faithful sensible state of mind can draw and in fact, dangerous for the society we live in unless rectified especially from the point of view of defendant's special duties for its insureds' that should be discharged properly during those sensitive, desperate help needed, irreversible effects if duties not faithfully executed and life threatening unfortunate moments of life which make insurance companies a must to have after all in the first place.

-Defendant's misconduct of prioritizing profit and/or tactic not to cover medical bills and/or other costs than my health and other irreversible values.

-The insurer no single effort to assist the accident victim to bring me to recovery per the available benefits in the policy irrespective of its knowledge to the car accident and its consequences, etc...

-The defendant delay/unwilling to provide transportation access and/or reasonable duration for rental car during my leg limited movability circumstances.

-Defendant's irresponsiveness to offer coverage benefits in the policy that caused economical crisis that led me to DC streets...

-Defendant's lack of sensitivity for my Emotion to physical distress ended to PTSD, INSONOMIA treatment,...

- Recovery of all applicable damages

Defendant's motion to dismiss concludes not to cover every cost in the complaint. This motion is not even in consistent with its own previous argument that Travelers is responsible for the damages sustained due to only car accident as indicated in the letter they sent me on 09/10/2013. This defendant's motion also attempts to step away from the damages it inflicted on me for not providing coverage benefits in the policy which no need of extra imagination that those misconducts and violations of the insurer have been additive if not multiplitive for severity of the consequences of that car accident besides it imposed other several additional damages on me.

Faithful reading of the complaint leads to conclude that the defendant is liable for damages for past present future inconvenience, past present future pain&suffering, past present future emotional pain, , past present future loss of enjoyment of life, negligent infliction of emotional and mental anguish and/or other applicable damages due to

(1)The car accident under the coverage policy,

(2)The defendant not delivering coverages in the policy and;

(3) Defendant should be subject to all applicable damages under the applicable laws including for its tortious acts, intentional/negligence and tortious interferences before and after the car accident.

## IV – Conclusion

For the reasons herein stated, the Court should deny defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedures and/or other applicable laws. Further, Plaintiff requests any and all additional relief which the Court may deem appropriate.

Awoke Gebretsadike

5513 7th St. NW

Washington, DC 20011

awokenigusse@gmail.com

2026403182

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing OPPOSITION MOTION was sent via first-class mail, postage prepaid, on the 29th day of January, 2015, to the following:

Kathryn E. Kasper
4701 Cox Road, Suite 400
Glen Allen, VA 23060
(804) 967-9604 telephone
(804) 967-2411 facsimile
kkasper@hdjn.com
Attorney for Defendant The Travelers Home and Marine Insurance Company,

Awoke Gebretsadike
2026403182
awokenigusse@gmail.com
5513 7th St NW
Washington, DC, 20011

13

# EXHIBIT A