# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **AWOKE GEBRETSADIKE,** | |
| Plaintiff, | |
| v. | Case No. 1: 14-cv-02059 (CRC) |
| **THE TRAVELERS HOME AND MARINE INSURANCE COMPANY,** | |
| Defendant. | |

## MEMORANDUM OPINION

Awoke Gebretsadike sought coverage from his insurance company for medical costs, lost wages, and other expenses stemming from a car accident with a hit-and-run driver.  The insurance company—Travelers Home and Marine Insurance Company—denied the claim, contending that Mr. Gebretsadike had purchased only limited coverage and had not elected to invoke the coverage he did have within the timeframe required by the policy.  Proceeding *pro se*, Gebretsadike sued Travelers in the Superior Court of the District of Columbia for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, misrepresentation and omissions under the District of Columbia Consumer Protection Procedures Act, and intentional infliction of emotional distress.  Travelers removed the case to this Court and now moves to dismiss, arguing that Gebretsadike has misinterpreted his policy documents and that District of Columbia law precludes his tort and related damages claims.  In response, Gebretsadike moves to remand, contending that Travelers has not established diversity jurisdiction, and disputes Travelers' arguments that he possessed a complete version of the policy from the outset and that he failed to invoke his personal injury protection coverage.  The Court finds that it has diversity jurisdiction over the case and agrees with Travelers that District of Columbia law forecloses Gebretsadike's tort and related damages claims.  The Court also concludes, however, that under the liberal pleading

standards for *pro se* plaintiffs, Gebretsadike has alleged sufficient facts to support plausible breach of contract and District of Columbia Consumer Protection Procedures Act claims.  Accordingly, the Court will grant Travelers' motion to dismiss in part and deny it in part.

> **I.      Background**

The following facts are drawn from Gebretsadike's complaint.  The Court accepts them as true for the purpose of resolving Travelers' motion to dismiss.  Gebretsadike, who is originally from Ethiopia, was granted political asylum to the United States in April 2010.  Compl. at 1.  He currently lives in Washington, D.C.  Id.  While Gebretsadike was driving to a restaurant on New Year's Eve in 2011, his car was struck by an unknown driver, causing him to lose consciousness briefly and suffer head and leg injuries.  Id. at 1–2.  He subsequently contacted Travelers about covering his medical costs and related expenses under his automobile insurance policy.  Id. at 2–3.  A Travelers representative instructed him to submit an affidavit stating that he did not have health insurance, an election form for his personal injury protection coverage, a medical release authorization, and a police report.  Id.  Gebretsadike alleges that he promptly returned these documents to Travelers despite his concern that electing to invoke his personal injury protection coverage would mean forfeiting legal claims against the hit-and-run driver.  Id.  Travelers also sent Gebretsadike a list of health care providers to contact, but Gebretsadike asserts that none of them would treat him because of confusion regarding whether Travelers would cover the costs.  Id. at 3–4.  While continuing to press Travelers to cover his medical costs and related expenses, Gebretsadike claims to have sought treatment at several clinics that serve uninsured or underinsured patients, as well as at medical centers affiliated with Johns Hopkins, Georgetown, and George Washington Universities.  Id. at 4–8.  Unable to work due to his injuries and having to pay for medical treatment and a rental car, Gebretsadike claims he reached the limits of his credit cards and was evicted from his home.  Id. at 7.  He eventually located *pro bono* lawyers to help him resolve

his dispute with Travelers, who advised him that the version of the policy documents he had—the only documents he claims to have received when he initially purchased the policy—was not complete.  Id. at 9.  After additional back and forth, Travelers provided Gebretsadike with a complete copy of the policy.  Id. at 9–10.  Nearly a year later, he filed this action seeking to recover for Travelers' alleged breach of contract and tortious conduct.

## II.    Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted if the allegations in the complaint do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Facial plausibility entails "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  While the court "must take all of the factual allegations in the complaint as true," legal conclusions "couched as a factual allegation" do not warrant the same deference.  Id. (citing Twombly, 550 U.S. at 555).  "A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, (1976)) (internal citation and quotation marks omitted).  The court cannot consider matters outside the pleadings in deciding a Rule 12(b)(6) motion, but it may consider "documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss."  Ward v D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citing Hinton v. Corr. Corp. of Am., 624 F.Supp.2d 45, 46 (D.D.C.2009)) (internal citation omitted). Because Gebretsadike's complaint refers to his insurance policy, the Court may consider the associated

policy documents that Travelers has attached to the motion to dismiss without converting the motion into one for summary judgment.

### III.   Analysis

#### A.   Motion to Remand

Gebretsadike moves to remand this case to the Superior Court of the District of Columbia because, he contends, he and Travelers are both citizens of the District of Columbia and the amount in controversy does not exceed $75,000.  Federal courts are courts of limited jurisdiction, and may only hear cases that fall within the strictures of the Constitution and acts of Congress.  Hunter v. District of Columbia, 384 F. Supp. 2d 257, 259 (D.D.C. 2005) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)).  When a court lacks subject-matter jurisdiction, it must remand the case to the proper forum.  Republic of Venezuela v. Philip Morris, Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)).  A defendant may remove a civil action to a federal district court if the district court has original jurisdiction over the claim at issue.  28 U.S.C. § 1441.  Federal district courts have original jurisdiction over civil cases where more than $75,000 is at issue and the parties are citizens of different states or, in a case involving a noncitizen lawful resident of the United States, between a citizen of one state and a lawful resident domiciled in a different state.  28 U.S.C. §1332.  That said, removal is not permitted if original jurisdiction is based on diversity of citizenship between the parties and the defendant is a citizen of the state in which the action is initially brought.  28 U.S.C. § 1441(b)(2).  While Gebretsadike appears to have initially served the incorrect party, Mot. to Remand ¶ 4, Travelers Home and Marine Insurance Company—the entity that issued his insurance policy—is a Connecticut corporation with its principal place of business in Connecticut, Notice of Removal ¶ 5.  As a result, the two parties to the suit hail from different states and the defendant is not a citizen of the state—the District of Columbia—in which the action was initially brought.

4

With respect to the amount in controversy, Gebretsadike's complaint specifically lists $38,065.34 in damages resulting from Travelers' alleged breach of his insurance policy, but also requests an unspecified amount of other damages for various torts and violations of the District of Columbia Consumer Protection Procedures Act.  Compl. at 17–19.  When a plaintiff seeks an unspecified amount of damages, a removing defendant must "'establish the amount in controversy by a preponderance of the evidence.'"  Parker-Williams v. Charles Tini & Assocs., Inc., No. 14-cv-0891, 2014 WL 3278585, at *2 (D.D.C. July 9, 2014) (citing Mostofi v. Network Capital Funding Corp., 798 F. Supp. 2d 52, 55 (D.D.C. 2011)).  Yet this does not necessarily require "an item-by-item accounting of the claims" and courts may "exercise some degree of common sense in order to independently determine whether the amount in controversy has been met."  Id. (citing Busby v. Capital One, N.A., 932 F. Supp. 2d 114, 132 (D.D.C. 2013).  Here, Travelers correctly notes that the District of Columbia Consumer Protection Procedures Act permits a plaintiff to recover treble and punitive damages, D.C. Code §28-3905(k)(2), meaning Gebretsadike could recover more than $114,000 based on that claim alone.  Gebretsadike also seeks additional compensatory damages for his pain, suffering, and mental anguish, which would likely exceed $75,000 as well.  See id. (holding "compensatory damages alone may be sufficient to cross the $75,000 threshold" where plaintiff sought damages for pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life).  Because the unspecified amount of damages Gebretsadike requests very likely exceeds $75,000, and because Travelers is a citizen of a different state from Gebretsadike and from the forum in which the action was initially filed, the Court will deny his motion to remand.

### B.    Tort Claims and Punitive Damages

Gebretsadike alleges several tort claims stemming from Travelers' denial of his requests for coverage, including breach of the duty of good faith and fair dealing; breach of fiduciary duty; tortious interference with a contract; and intentional infliction of emotional distress.  District of

Columbia law, however, does not permit tort claims that arise from a contractual relationship, as "the tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship." Choharis v. State Farm Fire & Cas. Co., 961 A.2d 1080, 1089 (D.C. 2008).  More specifically, District of Columbia law does not "recognize a tort of bad faith by insurance companies in the handling of policy claims," id. at 1087; consider the relationship between insurer and insured a fiduciary relationship, Fireman's Fund Ins. Co. v. CTIA-The Wirelss Ass'n., 480 F. Supp. 2d 7, 15 (D.D.C. 2007) (quoting John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank, 510 U.S. 86, 119 (1993)); or allow for punitive damages based on a breach of contract, id. (quoting Sere v. Group Hospitalization, Inc., 443 A.2d 33, 37 (D.C. 1982)).  Exceptions exist for willful torts such as intentional infliction of emotional distress, but a plaintiff must allege "'extreme and outrageous' conduct on the part of the defendant which intentionally or recklessly causes the plaintiff 'severe emotional distress.'"  Sere, 443 A.2d at 37–38 (citations omitted) (finding a claim for punitive damages related to a claim of intentional infliction of emotional distress due to an insurance company denying benefits was "baseless").

While Gebretsadike alleges that he suffered substantial pain as a result of his car accident, an insurance company denying a claim because it believes the policy at issue does not cover it falls well short of the "extreme and outrageous" conduct required to establish a claim for intentional infliction of emotional distress.  See id.  As in Sere, Gebretsadike and his insurance company engaged in back and forth discussions regarding what exactly his policy covered, and he has not pled facts that would allow an inference that the insurance company maliciously intended to harm him.  Because Gebretsadike's tort claims exist only because of his insurance contract with Travelers and are therefore foreclosed by District of Columbia law, and because Gebretsadike has not

provided sufficient facts that could permit an inference of "extreme or outrageous" conduct by

Travelers, the Court will grant the motion to dismiss his tort and associated damages claims.

    C.    <u>District of Columbia Consumer Protection Procedures Act Claims</u>

       Gebretsadike alleges that Travelers violated the District of Columbia Consumer Protection

Procedures Act by providing him with an incomplete version of his policy when he initially

purchased it.  Travelers counters that Gebretsadike had the full policy from the outset and

purchased it through an insurance agent who could have explained its limits.  Under the District of

Columbia Consumer Protection Procedures Act, "a company may not misrepresent 'a material fact

which has a tendency to mislead,' or fail to state a material fact 'if such failure tends to mislead, . . .

'whether or not any consumer is in fact misled, deceived or damaged thereby[.]'"  <u>Cannon v. Wells</u>

<u>Fargo Bank, N.A.</u>, 926 F. Supp. 2d 152, 173–74 (D.D.C. 2013) (quoting D.C. Code § 28–3904(e) –

(f)).  Claims of an unfair trade practice under the Act are "properly considered in terms of how the

practice would be viewed and understood by a reasonable consumer."  <u>Whiting v. AARP</u>, 637 F.3d

355, 363 (D.C. Cir. 2011) (quoting <u>Pearson v. Soo Chung</u>, 961 A.2d 1067, 1075 (D.C. 2008)).  In

the context of insurance claims, it is "'the insurer's duty to spell out in plainest terms—terms

understandable to the man in the street—any exclusionary or delimiting policy provisions.'"  <u>Id.</u> at

360 (quoting <u>Travelers Indem. Co. of Ill. v. United Food & Commercial Workers Int'l Union</u>, 770

A.2d 978, 986 (D.C. 2001)).

       This duty logically encompasses an obligation to provide a policyholder with a complete

copy of the policy.  Gebretsadike has plausibly alleged that Travelers has not fulfilled this duty.

Travelers focuses on Gebretsadike's *interpretation* of the policy—based on the version of the policy

it attached to its motion to dismiss—but largely ignores the allegation that it failed (or its

agent/broker failed) to furnish him with a complete copy of the policy documents whatsoever until

Gebretsadike's *pro bono* attorneys pressed for it on his behalf years later.  Compl. at 16.  To be

sure, Travelers may well be correct that the broker through which Gebretsadike purchased the policy gave him a complete copy.  The Court cannot resolve that question on a motion to dismiss, however, as it "must accept as true all of the facts in the complaint." Erickson, 551 U.S. at 93–94 (2007) (citing Twombly, 550 U.S. at 555–56).  The Court will therefore deny Travelers' motion to dismiss Gebretsadike's claim under the District of Columbia Consumer Protection Procedures Act.

>D.   Breach of Contract Claims

To prevail on a breach of contract claim in the District of Columbia, "a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach. Tsintolas Realty Co. v. Mendez, 984 A.2d 181, 187 (D.C. 2009) (citing San Carlos Irrigation & Drainage District v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989)); see also Jia Di Feng v. See-Lee Lim, 786 F. Supp. 2d 96, 104 (D.D.C. 2011) (citations omitted).  The parties agree that a valid contract existed between the parties—Gebretsadike's insurance policy—and that Travelers had a duty to honor it.  The dispute centers on whether Gebretsadike has pled facts that could establish a breach of Travelers' duties under the policy.  Gebretsadike alleges three breaches: (1) refusal to pay for his rental car, lost wages, and medical expenses, (2) refusal to pay under the uninsured motorists portion of his policy, and (3) failure to honor his requests to invoke his personal injury protection coverage.

>1.   Rental Car, Lost Wages, and Medical Expenses

On the first point, Travelers responds that Gebretsadike's policy did not include medical, rental car, or wage loss coverage.  Mot. to Dismiss at 6.  The copy of the policy provided by Travelers indicates that Gebretsadike opted only for personal injury protection and uninsured motorists coverage; he did not purchase medical, rental car, or wage loss coverage.  Mot. to Dismiss Ex A. at 17.  Accordingly, the Court will grant Traveler's motion to dismiss the breach of contract claims as to the medical, rental car, and wage loss coverage because Gebretsadike has not pled any

8

facts that could establish that a contract for these benefits existed between Gebretsadike and Travelers.

2.      <u>Uninsured Motorists Coverage</u>

Travelers next contends that Gebretsadike's claim for uninsured motorists coverage must be dismissed because he has not alleged that he has obtained a judgment against the unknown hit-and-run driver, which Travelers asserts is a prerequisite to obtaining coverage.  Mot. to Dismiss at 7–8. The language of Gebresadike's policy provides that "[Travelers] will pay damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle,'" including "a hit and run vehicle whose operator or owner cannot be identified." <u>Id.</u> Ex. A at 48. According to Travelers, the phrase "legally entitled to recover" means it is obligated to pay an insured only for legal awards arising from court judgments or settlement agreements.  Travelers cites no legal authority for this proposition.  The Court's own research, however, reveals that the District of Columbia Court of Appeals has interpreted this very phrase in the District's uninsured motorists insurance statute <u>not</u> to require a prior judgment.  The court concluded that the relevant provision of the statute[1]—which mandates that insurers provide coverage to policyholders who are "legally entitled to recover damages from owners or operators of uninsured motor vehicles," including vehicles "whose owner or operator cannot be identified"—does not require the insured to bring suit and recover against the uninsured motorist.  <u>Allstate Ins. Co. v. Ramos</u>, 782 A.2d 280, 287 (D.C. 2001) (citing <u>Reese v. State Farm Mut. Auto. Ins. Co.</u>, 285 Md. 548, 403 A.2d 1229, 1232 (1979)).[2]  The language of Gebretsadike's policy closely tracks this statutory language.  <u>See</u>

---

[1]  D.C. Code § 31–2406(f)(2), which was previously numbered as Section 35-2106(f)(2).

[2]  The Court reminds defense counsel of its obligation to bring contrary authority to the attention of the Court, particularly in cases brought by *pro se* plaintiffs.

Mot. to Dismiss Ex. A at 48.  And Gebretsadike's complaint alleges that he informed Travelers that

he was legally entitled to recover uninsured motorists damages under his policy but they refused to

honor his claim.  Compl. at 11 ("Travelers hasn't made [the District of Columbia statute covering

uninsured motorists coverage] applicable to my case according to our contract").   Consequently,

the Court finds that Gebretsadike's complaint states a plausible claim for breach of contract

regarding uninsured motorists coverage and will deny Traveler's motion to dismiss on this issue.

### 3.      Personal Injury Protection Coverage

Finally, while acknowledging that Gebretsadike had personal injury protection coverage,

Travelers contends that he did not elect to use it within 60 days of his accident, as required under

the policy, because he did not wish to relinquish his ability to sue the unknown hit-and-run driver.

Id. at 6–7.  The personal injury protection section of the policy does clearly state—in capital

letters—the requirement that the insured notify the company within 60 days of his election to

receive benefits, and it repeats this instruction under the heading "Duties After an Accident or

Loss."  Mot. to Dismiss Ex. A at 44, 46.  Yet, Gebretsadike's complaint plainly alleges that he "sent

these documents [including the election form] on the same day [Travelers] requested" them,

January 16, 2012, well within the sixty-day period.  Compl. at 3.  While the complaint also appears

to acknowledge his resistance to signing the election and in turn ceding his ability to pursue legal

action against the unknown hit-and-run driver, see id., Gebretsadike also states that he did in fact

submit the election form, and asserts in his opposition that he "sent the signed form back to

[Travelers] after I made [the] sensible and reasonable choices based on the context" which "clearly

notice[d] the defendant [that] I wanted to use [personal injury protection] coverage in my policy."

Opp'n at 3.  Although Gebretsadike's filings may appear contradictory, as a *pro* se plaintiff, the

Court liberally construes his complaint, however inartfully pleaded.  See Erickson, 551 U.S. at 94

(citing Estelle, 429 U.S. at 106).  Discovery should readily reveal whether or not Gebretsadike

made the relevant election.  At this stage, however, Travelers has not carried its burden of showing that Gebretsadike failed to state a claim on which relief could be granted.  The Court will therefore deny its motion to dismiss the breach of contract claim as it relates to personal injury protection coverage.

E.      Motion to Strike

In response to Travelers' reply in support of its motion to dismiss, Gebretsadike filed a surreply.  Travelers now moves to strike that filing.  "[B]efore filing a surreply, a party must request the Court's permission to do so," Stanford v. Potomac Elec. Power Co., 394 F. Supp. 2d 81, 86 (D.D.C. 2005), and "must show that the reply filed by the moving party raised new arguments that were not included in the original motion," Longwood Vill. Rest., Ltd. v. Ashcroft, 157 F. Supp. 2d 61, 68 (D.D.C. 2001).  Because Gebretsadike has not satisfied either of these requirements, the Court will grant Travelers' motion to strike his surreply.

F.      Motion for Leave to Amend the Complaint

Gebretsadike seeks leave to amend his complaint in several of his filings.  A district court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a), but "'has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss,'" In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 215 (D.C. Cir. 2010) (quoting Nat'l Wrestling Coaches Ass'n v. Dep't of Educ., 366 F.3d 930, 945 (D.C. Cir. 2004)) (alteration omitted).  Determining whether a proposed amended complaint would survive a motion to dismiss is equivalent to review under such a motion.  Id.  Gebretsadike did not initially attach his proposed amended complaint as required by Local Rule 7(i), but he did attach it to his opposition to Travelers' motion to strike his surreply.  Regardless, none of his filings include any new claims or facts that would alter the above analysis.  As a result, the Court will deny the motion for leave to amend as futile.

**IV.     Conclusion**

For the foregoing reasons, the Court will grant Defendant Travelers Home and Marine Insurance Company's Motion to Dismiss in part and deny it in part; deny Plaintiff Gebretsadike's Motion to Remand; strike Plaintiff Gebretsadike's surreply; and deny Plaintiff Gebretsadike's motion for leave to amend his complaint.  An order will accompany this memorandum opinion.


_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  ___May 11, 2015_____